UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-33

JODY CAIN,                                                                                                    PLAINTIFF

v.

JOE MICHAEL IRVIN, et. al,                                                         DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Plaintiff Jody Cain's ("Ms. Cain") Motion for Reconsideration to Alter and/or Amend (Docket #48) the Memorandum Opinion and Order entered by this Court on July 10, 2007 (Dockets #42 & #43). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Reconsider is **DENIED**.

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

**DISCUSSION**

In her motion to reconsider, the Plaintiff contends that this Court erred in granting the Defendants' motion for summary judgment because: (1) the Court improperly adjudicated genuine issues of material fact concerning (1) Defendant Joe Michael Irvin's actions that relate

to the liability of the City of Russell Springs and (2) deciding that Irvin did not violate the Fourteenth Amendment rights of Ms. Cain; and (3) newly discovered evidence that supports "all" of Ms. Cain's previous arguments. The Court shall address each of these contentions separately.

### 1. Improper Factual Determinations - Liability of the City of Russell Spring, Kentucky Under *Monell*

Without specifying how the Court erred, the Plaintiff nonetheless argues that the Court made an improper factual determination regarding the liability of the City of Russell Springs, Kentucky under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To review the findings set out in the July 10, 2007 Memorandum Opinion and Order, the Court first denied municipal liability on the grounds that the Defendants had not violated the constitutional rights of the Plaintiff, and therefore, the municipal liability claims against the City of Russell Springs under *Monell* failed as a matter of law (See Memorandum Opinion at 17). However, despite this finding of law as well as the fact that the Plaintiff did not put forth any case law supporting her arguments, the Court set out the *Monell* analysis for all five (5) factors, evaluating each factor individually.

In looking at all five (5) *Monell* factors, the Court determined that even if there was a constitutional violation committed by Irwin, the City of Russell Springs would not be liable. (See Memorandum Opinion at 17-21). As a matter of law, the Court found that all five (5) factors did not invoke municipal liability because: 1) the Plaintiff did not specify what particular inaction the legislative body of Russell Springs failed to take and how that relates to the alleged constitutional violations committed by Irwin; 2) the Plaintiff did not specify nor even allege any

agencies involved in this case; 3) the Plaintiff did not allege what policies Irwin implemented and/or actions he has taken that can be considered unconstitutional for purposes of establishing municipal liability in this case; 4) the Plaintiff did not allege a deliberate and/or conscious decision by the City of Russell Springs to inadequately train its police officers, nor put forth any evidence to show how such a failure could lead to a foreseeable consequence presented in the instant case, and the Plaintiff has not put forth any evidence that shows the city failed to respond to repeated complaints of *similar* conduct (emphasis added); and 5) the Plaintiff did not put forth sufficient evidence to show customs that caused the alleged unconstitutional violations, as the Plaintiff neither alleged nor proved that a custom caused constitutional violations in question.[1]

Accordingly, the Plaintiff's argument for reconsideration on this matter fails, as the Court did not err when it made determinations as to the questions of law under *Monell*.

**2. Improper Factual Determinations - Liability of Irwin Under the Fourteenth Amendment**

The Plaintiff asserts that the Court erred when it determined that the period of time in which the Plaintiff did not receive medical treatment was not excessive and that Irwin did not have a sufficiently culpable state of mind in his refusal to take Ms. Cain to the hospital. In its July 10, 2007 Memorandum Opinion, this Court cited the Sixth Circuit Court of Appeals case of *Hubbard v. Gross,* 199 Fed. Appx. 433, 438 (6th Cir. 2006), in determining that "the delay experienced by Ms. Cain in receiving medical treatment was not unreasonable under the circumstances." (See Memorandum Opinion at 13-14). With factual circumstances similar to

---

[1] In addition, the Court also determined as a matter of law that under the test set out in *City of Canton, Ohio v. Harris*, the Plaintiff did not demonstrate: a pattern by the City; that the City was put on notice of Irwin's alleged unconstitutional conduct; that the City approved of or turned a blind eye to the conduct; or that the alleged custom was the moving force or direct link to the alleged constitutional violations in this matter. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-392 (1989).

*Hubbard*, where the Court ruled as a matter of law that a two (2) hour delay in receiving a splint was not unreasonable under the circumstances because the arrestee "did not demonstrate that his 'need was not addressed within a reasonable time frame,'" this Court reached a similar determination as to Ms. Cain. *Hubbard* at 438; (See Memorandum Opinion at 14, where the Court held "[h]ere, the Plaintiff first encountered Irwin at 10:16PM, and she was arrested at 10:40PM...[a]t 12:25AM, less than two (2) hours after her arrest, the Plaintiff arrived at Westlake Regional Hospital to receive treatment...[s]imilar to *Hubbard*, the Plaintiff has not demonstrated that her need was not addressed within a reasonable time, as her medical needs were redressed not long after her arrest."). Accordingly, the Court did not err when it determined that the delay in medical treatment was not unreasonable under the circumstances.[2]

### 3. Newly Discovered Evidence

The Plaintiff contends that "newly" discovered evidence warrants that the Court vacate its order of dismissal. However, all of this evidence was available to the Plaintiff prior to the filing of the Motion for Summary Judgment by the Defendants on April 30, 2007, yet counsel for the Plaintiff did not use or even cite *any* of these exhibits in response to the Defendants' motion. As such, all of these exhibits do not constitute "newly discovered evidence" under FRCP 59(e), and therefore, shall not be considered by the Court. *See GenCorp*, 178 F.3d at 834 ("courts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable."); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 *F*.3d 367, 374 (6th Cir. 1998)(holding that "[a] motion under Rule 59(e) is not an

---

[2]The Court also notes that it determined that even if this claim would go forward, Irwin would be entitled to qualified immunity (See Memorandum Opinion at 14-16).

opportunity to re-argue a case. *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992) ("Rule 59(e) motions are aimed at reconsideration, not initial consideration. ***Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued***." (emphasis added)); *Scott v. Metropolitan Health Corp.*, 2007 WL 1028853, *24 -*25 (6th Cir. April 3, 2007); *Oaks v. Allstate Ins. Co.*, 2007 WL 38375, *2 -*3 (E.D. Ky. Jan. 5, 2007).

Accordingly, the Court finds that the exhibits submitted by the Plaintiff do not constitute newly discovered evidence under FRCP 59(e), and therefore, the Plaintiff is precluded from are-arguing this case by introducing exhibits it failed to present in her response.

Even assuming that the Court could consider these exhibits in this motion, the "new" facts presented would not persuade the Court to vacate its previous judgment. First, the exhibits do not demonstrate *similar* conduct as required by *Monell* to establish municipal liability. *Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 412 (1997). In addition, as stated, the Defendants have not violated the constitutional rights of the Plaintiff, and therefore, the municipal claims against the City of Russell Springs fail as a matter of law. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir.2001).[3]  Further, in regards to the Fourth Amendment claim of unlawful arrest, while the Plaintiff contends that the Court improperly held that Irvin had probable cause to arrest Ms. Cain because her charges were ultimately dismissed, probable cause does not

---

[3]The Court also notes that the Plaintiff has misconstrued the rationale of the Court regarding the dismissal of the Fourteenth Amendment claim of Ms. Cain. The Court determined that the Plaintiff did not meet the *objective* prong of *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Nonetheless, the Plaintiff mistakenly insists that the Court made an improper factual determination as to the subjective prong of the *Farmer* test; however, the Court determined that issues of material facts existed as to the subjective prong that precludes summary judgment. (See Memorandum Opinion at 12-13). However, both prongs must be met in order to establish a claim under the Fourteenth Amendment.

5

require the officer to prove his/her suspicions to be correct or more likely true than false. *U.S. v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996).  Lastly, offering the height and weight of the Plaintiff in her motion to reconsider would not affect the legal determinations made by this Court.  Accordingly, the Plaintiff is not entitled to an alteration and/or amendment of judgment.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Plaintiff's Motion for Reconsideration (Docket #48) is **DENIED**.